|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | WESTERN DISTRICT OF WASHINGTON | |
| | AT SEATTLE | |

UNITED STATES OF AMERICA, )
)
        Plaintiff, )    CASE NO.   05-380 M
)
v. )
)
FRANK JAMES FOURBEAR, )    DETENTION ORDER
)
        Defendant. )
)
_____ )

Offenses charged:

    Count I:    Attempted Interference with the Administration of the Social Security Act, in violation of Title 42, U.S.C., Section 1320a–8b, and

    Count II:    Felon in Possession, in violation of Title 18, U.S.C., Section 922(g)(1).

Date of Detention Hearing August 2, 2005.

    The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Andrew Friedman for Andrew Colasurdo. The defendant was represented by Robert Gombiner.

    The Government filed a Motion for Detention (Dkt. #4), to which the defendant stipulated.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant poses a risk of nonappearance based on his unknown background information, his unknown ties to this district, and possible substance abuse problems as indicated by the Complaint noting that the defendant was intoxicated at the time he was located by agents.

(2) Due to the nature and seriousness of the crime alleged, combined with the defendant's criminal history and possible issues with substance abuse, release of the defendant would pose a risk to the community.

(3) The defendant stipulated to detention.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//
//
//

DETENTION ORDER
PAGE -2-

1  //

2    (4) The clerk shall direct copies of this order to counsel for the United States,

3      to counsel for the defendant, to the United States Marshal, and to the

4      United States Pretrial Services Officer.

5   DATED this 4th day of August, 2005.

                */s/ M.J. Benton*

                Monica J. Benton
                United States Magistrate Judge